## GAGE v. KELLOGG and others.[1]

*(Circuit Court, N. D. New York. January 18, 1886.)*

1. PATENTS FOR INVENTIONS—VOID REISSUE.

    On rehearing, the decision of the court in this case (23 Fed. Rep. 891) reaffirmed, and *held*, that the claims of letters patent reissue No. 8,615, to William B. Fisher, for improvement in methods and apparatus for treating seeds, are unduly expanded, and are therefore void.

2. SAME—NEW ELEMENT INSERTED AND CLAIM EXPANDED.

    It does not aid the complainant to show that a claim has been narrowed at one end, when it is apparent that it has been doubly expanded at the other.

3. PRACTICE—REHEARING.

    It would tend to great confusion and uncertainty in the administration of the law, if a conclusion, reached after mature deliberation, should, upon the same facts, and a repetition of the same arguments, be set aside and reversed by the same tribunal that rendered it.

Petition for Rehearing.

*John Dane, Jr.,* for complainant.

*Munday, Evarts & Adcock,* for defendants.

COXE, J. The court rested its decision dismissing the bill in this cause (23 Fed. Rep. 891) mainly upon the unlawful expansion of the reissue, but also upon the non-infringement of the defendants.

Regarding the first claim of the reissue, it was intimated in the opinion that it might be held invalid if construed to cover the use of the apparatus—the mode of operating a machine—the machine being already fully described and claimed. What was said in this regard was intended as a suggestion to counsel upon a point not discussed upon the argument. It was by no means the purpose of the court to convey the impression that, upon this proposition, a conclusion had been reached adverse to the complainant. That counsel should have obtained a different impression is entirely natural, for, upon re-reading the opinion, it is obvious that its language is misleading in this respect, and conveys a different impression from what was intended.

That the second, third, and fourth claims of the reissue are unduly expanded is so clear that nothing further than a perusal of them is necessary. Place them in juxtaposition with the claims of the original, and there is little room for doubt. The demonstration is complete. No attempt was made in the proof to uphold these claims. The subject was wholly ignored by the complainant's expert witness. To hold them valid now would be to disregard the repeated admonitions of the supreme court upon this subject.

Regarding the first, or method, claim, no sufficient reason is advanced why the court should change its decision. It is insisted that the claim is limited by the insertion of an additional feature. Grant it. It does not, however, aid the complainant, to show that it has been narrowed at one end when it is quite apparent that it has been

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

doubly expanded at the other. Considering the claim in its entirety, it will be seen that for "The improved method of cleaning and drying oleaginous seed by feeding the same over the inclined surface of a perforated conical steam-coil, substantially in the manner described," of the original, is substituted: "The herein described method of treating seed, consisting in allowing it to flow downward around a central perforated steam reservoir, and forcing jets of steam from said reservoir outward through the mass of seed, the flow of said seed being regulated by stirrers, substantially as set forth." "The herein described method" is not the method described in the original specification, and the claim is no longer limited to the process of cleaning and drying seed, or to the feeding of seed over the inclined surface of a conical steam-coil.

I have also examined the question of infringement in the light of the argument now addressed to the court, and am constrained to adhere to the former finding. What was said at the final hearing upon all the questions involved, has been reasserted, with, perhaps, additional force, but, practically, the situation remains unchanged, and, after a second review, I see no reason to alter the decision then announced. It would tend to great confusion and uncertainty in the administration of the law, if a conclusion reached after mature deliberation should, in such circumstances, be set aside and reversed by the same tribunal that rendered it. To use the language of the court in *Tufts* v. *Tufts*, 3 Wood. & M. 429.

"It is hardly in the power of the human mind, surely not of the sound judicial mind, after forming deliberate opinions after long argument and much examination, to change at once its conclusions, merely on a repetition of the same arguments and the same facts. Opinions thus liable to change, would be as worthless after altered as they were before. And hence it is wisely provided, in most judicial systems, as in ours, that where nothing new exists to justify a change in judgment, a general review on the old grounds should be made by different persons, by a higher and appellate tribunal."

The motion for a rehearing is denied.